IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRADLEY S. SWIGER, <br><br> Appellant, <br><br> vs. <br><br> VICKY L. MANSFIELD, RONDA J. WINNECOUR, CHAPTER 13 TRUSTEE <br><br> Appellees, | 2:24-cv-00605-MJH |

OPINION

Appellant, Bradley S. Swiger, appeals from the March 7, 2024 Opinion and Order of the United States Bankruptcy Court for the Western District of Pennsylvania, Granting in Part and Denying in Part Complaint to Determine Dischargeability of Martial Property Settlement Agreement Pursuant to 523(a)(15) and 1328(a) and Adversary Complaint Objecting to Dischargeability. (ECF Nos. 1-3 and 1-4). The appeal is now ripe for consideration.

Upon consideration of Appellant and Appellee's Briefs (ECF Nos. 6, 14, and 17), the relevant record below (ECF Nos. 7, 8, 9, and 10), and for the following reasons, the Bankruptcy Court's Order (ECF No. 1-4) will be affirmed.

I.  Background

On March 7, 2024, the Honorable Judge Jeffery A. Deller entered an Opinion and Order regarding an adversary action between Appellant, Bradley S. Swiger, and Appellee, Vicky L. Mansfield, determining that part of Appellee, Vicky L. Mansfield's, claim against Appellant, Bradley S. Swiger, was excepted from his discharge.  Mr. Swiger appeals from that determination.

Mr. Swiger and Mr. Mansfield were married on March 7, 1993 and separated on September 1, 2014.  Their daughter enrolled in college and needed the student loan assistance to fully pay for all expenses. This student loan assistance included Parent PLUS loans that were applied for and disbursed between October 2011 and August 2014.

On October 23, 2018, Mr. Swiger filed a Chapter 13 bankruptcy case. On January 1, 2019, Ms. Mansfield filed Proof of Claim against the Mr. Swiger in the Bankruptcy Court. Ms. Mansfield's claim was for $97,380.63, Mr. Swiger's purported liability on the Parent PLUS loans. On January 21, 2019, Mr. Swiger initiated Adversary Case No. 19- 02009-JAD against Ms. Mansfield, seeking a determination that her claim was subject to his discharge. On February 6, 2019, Ms. Mansfield initiated Adversary Case No. 19-02015-JAD against Mr. Swiger, seeking an exception to discharge. On July 19, 2019, the Adversary Cases were consolidated.

On November 14, 2023, the Bankruptcy Court held a trial on both Adversary Cases. On March 7, 2024, the Bankruptcy Court entered a judgment and order in favor of Ms. Mansfield and against Mr. Swiger, determining that part of Ms. Mansfield's claim was excepted from Mr. Swiger's discharge.

On appeal, Mr. Swiger argues that the Bankruptcy Court erred in holding that the Parent PLUS loans were not subject to discharge. Section 523(a)(2)(A) provides for an exception to a debtor's discharge for "any debt – for money…to the extent obtained by – false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

II. Standard of Review

This Court has appellate jurisdiction over final judgments, orders and decrees of a Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1). *See In re Connors*, 497 F.3d 314, 318 (3d Cir. 2007). In this role, the Court "review[s] the bankruptcy court's legal determinations *de novo*, its factual findings for clear error, and its discretionary decisions for abuse of discretion." *In re Imerys Talc Am., Inc.*, 38 F.4th 361, 370 (3d Cir. 2022) (internal quotation omitted).

III. Discussion

Mr. Swiger argues that the Bankruptcy Court erred in finding that he made false representations to the Appellee, that he knew the representations were false, that Ms. Mansfield justifiably relied on Mr. Swiger's representations, and that Ms. Mansfield suffered damages. Specifically, Mr. Swiger maintains that the Bankruptcy Court did not properly consider Mr. Swiger's testimony, and that the Bankruptcy

Court failed to recognize that Ms. Mansfield knew she would be responsible for the loans in some capacity.

Ms. Mansfield argues that the Bankruptcy Court's decision was supported by Mr. Swiger's own self-impeaching and contradictory trial testimony. Specifically, she contends that at the start of the trial, Mr. Swiger adamantly denied ever having applied for his daughter's student loans, and he also denied having assisted his daughter with the loans. But, Ms. Mansfield asserts that, by the end of the trial, Mr. Swiger reversed himself and testified that he did sit down with his daughter and with Ms. Mansfield to complete their daughter's student loan applications.

In reviewing the bankruptcy court's factual findings, this Court gives "due regard" to the opportunity of the bankruptcy court to have judged first-hand the credibility of witnesses. Bankruptcy Rule 8013. In order to satisfy her claim on an exception to non-dischargeability, Ms. Mansfiled was required to show that: (1) the debtor made a false representation; (2) the debtor knew at the time that the representation was false; (3) the debtor made the misrepresentation with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on the misrepresentation; and (5) the creditor sustained damages as a proximate result of the misrepresentation having been made. *Corso v. Walker*, 449 B.R. 838 (W.D.Pa. 2011).

Here, after careful consideration of the record and the Bankruptcy Court's Opinion, the Bankruptcy Court's decision clearly rested on the credibility of Mr. Swiger's and Ms. Mansfield's testimony. As such, the Bankruptcy Court's first-hand account of said testimony is due a high deference. Further, the evidentiary record adequately supports the Bankruptcy Court's legal conclusions that Ms. Mansfield's claim is excepted from discharge. Further, Mr. Swiger does not cite to any record evidence to support his claims of error. To establish that a bankruptcy judge committed error, Federal Bankruptcy Rule 8014(a)(8) requires Mr. Swiger to cite to the portions of the record upon which he relies for his argument. Upon its own due consideration of the record, this Court finds no support for Mr. Swiger's arguments. The Bankruptcy Court committed "no clear error" in entering judgment in favor of Ms. Mansfield on her exception to dischargeability claim.

Accordingly, the Court will affirm the Bankruptcy Court's March 7, 2024 Order.

A separate order will follow.

Dated:  October 24, 2024

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge